UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAWN MCDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:10CV986 CDP |
| | ) |
| CITY OF FLORISSANT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Dawn McDonald brings this action under 42 U.S.C. § 1983, alleging that defendants City of Florissant, Missouri and police officer Anthony Gerwitz unlawfully searched her home. Defendants removed the case to federal court based on federal question jurisdiction and filed a motion to dismiss the action for failure to state a claim upon which relief can be granted under Rule 12(b)(6). In response, McDonald filed both an opposition brief and a motion for leave to amend her complaint to clarify that she seeks to sue Gerwitz in both his official and individual capacities. I conclude that leave to amend should be granted, and that the motion to dismiss should be denied, except to the extent that it seeks recovery against Gerwitz in his official capacity.

## Background

In her complaint, plaintiff Dawn McDonald alleges that on January 11,

2010, defendant Andrew Gerwitz, a police officer for the City of Florissant, Missouri, traveled to plaintiff's home in Jennings, Missouri in a marked police car to conduct a search of her residence. She alleges that Gerwitz and an accompanying police officer knocked on the door and had a brief conversation with her when she opened the door. McDonald alleges that shortly after that conversation, the officers forcefully entered her home and conducted a search without her consent, without a warrant, and without exigent circumstances to justify the warrantless search.

McDonald brings this case under 42 U.S.C. § 1983, claiming that the search of her residence was unreasonable under the Fourth Amendment of the United States Constitution. She has sued Gerwitz and the City of Florissant, alleging that Gerwitz's action were the result of an official policy or custom and were the result of the City's failure to properly train its police officers. She initially did not specify whether she was suing Gerwitz in his official or individual capacity. After defendants filed their motion to dismiss, plaintiff filed a motion for leave to amend the complaint. In the proposed amended complaint, plaintiff clarified that she was suing Gerwitz in both his official and his individual capacity. Defendants ask that, if I am going to grant leave to amend, I consider their motion to dismiss as directed to the amended complaint, and I will do so.

## Discussion

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within 21 days after service of a motion to dismiss under Rule 12(b).  As plaintiff sought to amend within a few days of defendants' service of their motion to dismiss under Rule 12(b)(6), plaintiff may amend as a matter of right.

Defendants' motion to dismiss challenges the claim against the City and the claim against Gerwitz in his official capacity.  The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  The court must assume all factual allegations of the complaint are true and must construe those allegations in favor of the plaintiff.  *Id.* at 326.  However, the factual allegations in the complaint must be "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must state facts which, if accepted as true "state a claim to relief that is plausible on its face."  *Id.* at 570.  A claim is plausible on its face when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing

*Twombly*, 550 U.S. at 556).

Defendants first argue that the suit against Gerwitz in his official capacity should be dismissed because it is duplicative of the suit filed against the municipality.  I agree.

> A suit against a government official in his or her official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978).  "[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

*Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007).  Plaintiff has made a claim against the City, and therefore, the motion to dismiss will be granted to the extent the complaint seeks to sue Gerwitz in his official capacity.  He will remain a defendant in his individual capacity, of course.

Defendants next argue that McDonald's suit against the City should be dismissed because she fails to allege facts that would support the existence of an unconstitutional policy or custom.  In *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), the United States Supreme Court held that municipalities may be sued under Section 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality.  436 U.S. at 690.

Although a plaintiff need not identify the specific unconstitutional policy to survive a motion to dismiss, *see Crumpley-Patterson v. Trinity Lutheran Hospital*, 388 F.3d 588, 591 (8th Cir. 2004), she must, at the very least, allege facts that would support the existence of an unconstitutional policy or custom. *Id.*

Plaintiff alleges that the City unconstitutionally failed to properly train its officers regarding searches, and that this failure is causally related to the injury she sustained because of Gerwitz's illegal search. In *City of Canton v. Harris*, 489 U.S. 378 (1989), the Supreme Court held that a city's failure to train its police force could give rise to municipal liability under § 1983. The Court stated that § 1983 municipal liability may be based on inadequate training "only where the failure to train amounts to deliberate indifference to the rights or persons with whom the police come in contact." *Id.* at 388. Plaintiff alleges that Gerwitz conducted an unjustified warrantless search of her home, outside his own jurisdiction, and that this was a result of the City's failure to train its force adequately. These allegations state a claim that is plausible on its face and are sufficient to survive a motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to File First Amended Complaint [#9] is granted and the proposed First Amended Complaint is

deemed filed as of this date.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss [#6] is denied except that plaintiff's claim against defendant Andrew Gerwitz in his official capacity only is dismissed. This case will be set for a Rule 16 Scheduling Conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2010.