UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAWN MCDONALD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:10CV986 CDP |
| | ) |
| CITY OF FLORISSANT, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiffs, Dawn McDonald and A.B., brought this municipal liability action against the City of Florissant, Missouri and a police officer for the City, Andrew Gerwitz. The plaintiffs sought damages under 42 U.S.C. § 1983 resulting from defendants' warrantless search of their home. The parties ultimately settled the dispute for an agreed amount of money and reasonable attorney's fees. Plaintiffs' counsel has filed a motion for attorney's fees and costs, and the defendants object that the amounts claimed are excessive. Because not all of the attorney's fees requested by McDonald accrued from hours reasonably expended, I will reduce the amount sought somewhat. Specifically, I will reduce the amount requested for Thomas Jones by $1563.75 and the amount requested for Gregory Fenlon by $1947.50. I will award McDonald attorney's fees in the adjusted amount of

$13,825, A.B. attorney's fees in the requested of $1957.50, and the requested $176 in costs.

## Discussion

On April 30, 2010, plaintiff McDonald filed this suit in the St. Louis County Circuit Court. On May 28, 2010, the case was removed to this Court. Early in the case, the defendants filed a joint motion to dismiss for failure to state a claim, and McDonald filed a motion to amend seeking to add A.B. as a plaintiff. I denied the motion to dismiss and granted the motion to amend. Following those motions, a scheduling conference was held. On January 31, 2011, defendants made an Offer of Judgment under Rule 68, Fed. R. Civ. P., for $6600 and filed a motion to compel certain discovery. The plaintiffs accepted the Offer of Judgment, interpreting it to be $6600 for each plaintiff. I held a hearing to determine whether the defendants intended to offer each plaintiff $6600 or intended the $6600 to cover both plaintiffs' claims. I ultimately deemed the offer a nullity because it was ambiguous. On February 16, 2011, the defendants made a second Offer of Judgment, offering $5550 to McDonald and $1050 to A.B., and the plaintiffs accepted the offer that same day. I then entered judgment in favor of the plaintiffs and denied the motion to compel discovery as moot. On February 17, 2011, the plaintiffs filed the present Motion for Attorney's Fees and Costs. The defendants argue that the amounts sought are excessive.

Plaintiffs' motion states that attorney Thomas Jones began representing McDonald shortly after the alleged search and conducted the initial investigation. Thereafter, Jones and McDonald contacted attorney Gregory Fenlon to handle the litigation. Fenlon filed the initial complaint in the St. Louis County Circuit Court and Fenlon has been the only attorney of record for the plaintiffs then and after the case was removed to this Court. Jones filed an affidavit stating that he worked 16.35 hours, on behalf of McDonald, at the rate of $225 per hour for a total of $3678.75. Fenlon filed one affidavit stating that he worked 60.7 hours on behalf of McDonald at the rate of $225 per hour for a total of $13,657.50. He filed another affidavit stating that he worked 8.7 hours on behalf of A.B. at the rate of $225 per hour for a total of $1957.50. The plaintiffs also seek a $176 fee for filing the initial complaint in state court. In total, McDonald seeks $17,336.25 in attorney fees and $176 in costs while A.B. seeks $1957.50 in attorney fees.

Under 42 U.S.C. § 1988, it is within my discretion to award reasonable attorney's fees and costs to a party prevailing in an action under 42 U.S.C. § 1983. The plaintiff bears the burden of establishing the time spent prosecuting a claim. *Richardson v. Commc'n Workers of Am., AFL-CIO*, 530 F.2d 126, 133 (8th Cir. 1976). "The amount of the fee, of course, must be determined on the facts of each case." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). In order to determine the amount of a reasonable fee, I should employ the "lodestar" method where the

starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *Quigley v. Winter*, 598 F.3d 938, 958 (8th Cir. 2010).

When determining the hours reasonable expended, "[c]omputing raw totals of hours spent, however, does not complete the inquiry. It does not follow that the amount of timely actually expended is the amount of time reasonably expended." *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (emphasis in original) (internal citation omitted). I should "exclude form the initial fee calculation hours that were not 'reasonably expended.' " *Id.* I can "segregate into categories the kind of work performed by each participating attorney." *Copeland*, 641 F.2d at 891. In making these determinations, "[i]t is not necessary to know the exact number of the minutes spent nor the precise activity to which each hour was devoted nor the specific attainment of each attorney." *Id.*

As to the hourly rate, attorney's fees awarded under 42 U.S.C. § 1988 "are to be based on market rates for the services rendered," *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989), and "[w]hen determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates," *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). Once I have determined the amount from the lodestar calculation, I should consider a number of other factors to determine whether the fee should be adjusted upward or downward.[1] *Hensley*, 461 U.S. at 434; *see also City of Riverside v. Riveria*, 477 U.S. 561, 568 n.3 (1986).

Defendants argue that the fees are unreasonable and excessive. They asked that I reduce the requested amount by at least fifty percent. The defendants argue that the amount of time spent by Fenlon drafting discovery and the hourly rate of $225 is excessive because the "number of hours billed and the need for association on such a simple § 1983 claim" suggests that "the bulk of their experience is not in

---

[1] The factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. These factors derive directly from the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2-106." *Hensley*, 461 U.S. at 430, n. 3; *St. Louis Fire Fighters Ass'n Intern. Ass'n of Fire Fighters Local 73 v. City of St. Louis, Mo.*, 96 F.3d 323, 332 (8th Cir. 1996); *see also Lowry ex rel. Crow v. Watson Chapel School Dist.*, 540 F.3d 752, 756 (8th Cir. 2008) (applying factors to a § 1983 claim).

this area of the law." Additionally, the defendants claim that all of Jones' fees should be disregarded because he never entered his appearance in this Court and because the legal issues are so straight-forward that only one attorney with the alleged experience of Jones and Fenlon was necessary. In the alternative, they argue that any fees Jones accrued after Fenlon was retained should be disregarded. The defendants further assert that certain fees requested would not properly be charged to the client and thus would not be properly charged to an adversary. For example, the defendants take issue with communication between two attorneys. They also argue that no fees accrued after the first Offer of Judgment should be recoverable because the plaintiffs acted in bad faith by requiring a second Offer of Judgment, when they knew of the defendants' intention to dispose of the entire case for one amount.

The parties have agreed that the plaintiffs are the prevailing party, and so are entitled to reasonable attorney's fees and cost. All the hours billed, however, were not reasonably expended. I do not take issue with the hourly rate requested and the time spent drafting generally, but I do agree with the defendants that the amount of time billed was excessive or unnecessary in two categories. I will not award attorney's fees for the extensive amount of time the two attorneys spent communicating with one another, and I will reduce the amount of attorney's fees Fenlon accrued after the first Offer of Judgment.

Jones and Fenlon both appropriately billed for the time spent initially contacting Fenlon to take on the case. The attorneys also billed for telephone conferences with one another, faxes to one another, letters to one another, and other meetings with one another. From what I am able to tell, Jones billed approximately 6.95 hours or $1563.75 and Fenlon billed approximately 4 hours or $800 in attorney's fees for communications with one another after Fenlon was retained. I will not award attorney's fees for those hours. I understand that this calculation is not completely precise because the dates and amounts of time the attorney assert they communicated with one another do not always correspond, some entries list several items without identifying the amount of time spent on each task, and Jones' billing affidavit references Fenlon more than Fenlon's billing affidavit references Jones. But, knowing the exact number of minutes or the precise activity is not required, *Copeland*, 641 F.2d at 891, and under these particular circumstances a reduction for the amount of times the attorneys spent communicating with one another is reasonable.

I will also reduce the amount of fees Fenlon accrued after the first Offer of Judgment by seventy-five-percent, except for the 0.2 hours of communication with Jones that has already been deducted and the time spent preparing the Motion for Attorney's Fees and Costs. Although there was some basis for the plaintiffs' argument that the first Offer of Judgment should not have been aggregated, the

defendants produced evidence that the parties discussed the true intention of the first Offer of Judgment immediately following the acceptance via email.  Once that conversation occurred, plaintiffs attorneys' continuing to litigate the issue needlessly increased the fees for what was essentially a negotiating position.  This is especially obvious given the plaintiffs' ultimate acceptance of the second offer, which resulted in plaintiffs together obtaining the exact amount the defendants offered in the first place.  Following the first Offer for Judgment Fenlon billed 6.8 hours or $1530.  Because the intention of the defendants was clarified before the motion and hearing, and because the amount of the initial Offer of Judgment was the same as the amount of the final and accepted Offer of Judgment, prudent billing judgment would deem some of this time unnecessary.  I will reduce that amount by seventy-five-percent or $1147.50.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' Motion for Attorney's Fees and Costs is GRANTED in part and DENIED in part.  Defendants shall pay plaintiff McDonald attorney's fees in the amount of $13,825, plaintiff A.B. attorney's fees in the amount of $1957.50, and costs in the amount of $176.

                                          _____
                                          CATHERINE D. PERRY
                                          UNITED STATES DISTRICT JUDGE

Dated this 26th day of April, 2011.